M. J. Hurd v. The Atchison, Topeka & Santa Fe Railway Company *et al.*

No. 14,472.    (84 Pac. 553.)

SYLLABUS BY THE COURT.

1. Jurisdiction—*District Judge—Dissolution of a Restraining Order.* A district judge at chambers has power to dissolve a restraining order granted by a probate judge under the provisions of section 239 of the civil code. (Gen. Stat. 1901, § 4686.)

2. Railroads—*Appropriation of Land—Temporary Injunction.* A showing by the plaintiff that a railway company, which was taking steps toward the building of a switch for a public

use in a city, had made a survey across plaintiff's ground, and that if the switch were built it would greatly injure plaintiff, did not require the allowance of a temporary injunction by the district judge, since it did not appear that the railway company intended to take possession of or to appropriate the ground illegally, or otherwise than by purchase or condemnation.

3. INJUNCTION—*Apprehension or Possibility of Injury Will Not Warrant It.* Mere apprehension or a possibility of wrong and injury by a defendant is ordinarily not enough to warrant the granting of an injunction, but there should be at least a probability of wrongful action and irreparable injury before a court is required to enjoin the action.

Error from Harper district court; PRESTON B. GILLETT, judge. Opinion filed February 10, 1906. Affirmed.

*E. C. Wilcox,* for plaintiff in error.

*William R. Smith, O. J. Wood, Fred Washbon,* and *T. A. Noftzger,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: M. J. Hurd, who owns real property in the city of Anthony, brought this suit against the Atchison, Topeka & Santa Fe Railway Company, the Kansas Southwestern Railway Company, the Anthony Wholesale Grocery Company and the city of Anthony to enjoin the construction of a switch across certain lots belonging to plaintiff, over a street and up an alley to the place of business of the Anthony Wholesale Grocery Company. It was alleged that the railway companies were cooperating in building the proposed switch, and that it was being done for the accommodation of the Anthony Wholesale Grocery Company, and for a purely private purpose. There were also allegations that a track built as proposed would greatly injure the plaintiff, and that the injury would be one for which there was no good measure of damages. A temporary restraining order

was allowed by the probate judge, and upon notice the matter of dissolving the order was brought before the judge of the district court, at chambers. The question was submitted upon some agreed facts, and also upon testimony, with the result that the district judge dissolved the temporary restraining order. Application was then made to the district judge to grant a temporary injunction, and the testimony and facts used on the first hearing were submitted on this application, but the judge found them to be insufficient and denied the temporary injunction.

It is first insisted that there was no power in the district judge at chambers to dissolve the restraining order granted by the probate judge. The argument is that prior to the amendment of 1901 section 239 of the civil code (Gen. Stat. 1889, § 4334) authorized probate judges to grant temporary injunctions, but that under the amendment only restraining orders may be issued by them, and that while there is express authority given to district judges to dissolve temporary injunctions the power to dissolve temporary restraining orders is not given. (Gen. Stat. 1901, § 4686.) In the amended section it is provided that the restraining order granted by the probate judge shall be of the same effect as a like order made by the district judge, and district judges have always exercised the power of setting aside their own restraining orders, as well as those granted by probate judges. Besides, the act concerning district courts provides that the judges at chambers and in vacation shall have power not only to vacate and modify injunctions but also to vacate all necessary interlocutory orders. (Gen. Stat. 1901, § 1924.) A temporary injunction and a temporary restraining order are each designed to afford temporary injunctive relief of the same general character, and if the power to vacate a temporary injunction is not of itself sufficient to vacate a temporary restraining order the language of the statute giving district judges

the power to vacate interlocutory orders is certainly sufficient authority for that purpose. It might be added that in the restraining order in question it was specifically prescribed that it should only be effective until a hearing before the district court or a judge thereof. If the facts in the case justified the action of the district judge, there was no lack of power to make the order of dissolution.

It is contended, however, that under the facts the district judge was not warranted in either vacating the restraining order or refusing the temporary injunction. The judge found, and not without testimony, that the switch proposed to be built was for a public use, and was intended to be available to business houses along the line as well as to that of the Anthony Wholesale Grocery Company. Being a public railroad, it follows that private property necessary for a right of way might be taken under the power of eminent domain. The fact that the company once condemned as much land at Anthony as was then deemed necessary did not exhaust the power. It may take as much more land as its increased business and the public convenience may require. (*C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.*, 26 Kan. 669.) Prior to the selection of a route the company had a right to enter upon plaintiff's ground to make examinations and surveys with a view of selecting the most advantageous route. (Gen. Stat. 1901, § 1316, subdiv. 1.)

It appears that representatives of the railway companies had made an examination in an endeavor to select a route for the switch, and a blue-print of a survey across the corner of plaintiff's lots had been made. They had discussed the feasibility of this survey with the agent of the plaintiff, who suggested or inquired if the survey could not be made so as to take less of plaintiff's land, and he was told that they might be able to get along with eight feet of it. These preliminaries were not illegal, nor did they necessarily

Hurd v. Railway Co.

indicate that the plaintiff's rights had been, or would
be, invaded.  From what was disclosed the plaintiff
might well apprehend that the switch would soon be
built, but we discover nothing showing an intention
illegally to appropriate plaintiff's land for that purpose.
It was not enough to allege and show that an appro-
priation of a right of way over plaintiff's ground was
contemplated, but it should further appear that there
was a purpose to take wrongful possession of it.  The
defendants had no right to take possession of plaintiff's
ground, nor to begin construction of the switch over
it, without acquiring the right to do so by purchase or
condemnation; but the trial judge could not assume
that the defendants would violate the law or the rights
of the plaintiff.  If a presumption were to be indulged
it would be that of rightful action, and that the land
would be taken by condemnation if it could not be
obtained by negotiation and purchase.  The survey
of the railway company was a legal step necessary to
a condemnation proceeding, and it appears that on the
day following the meeting with plaintiff's agent and
the negotiations had with him, and before there was
any attempt to construct the switch, this suit was
brought.  In the granting or continuance of a prelimi-
nary injunction the judge is vested with considerable
discretion, and in this case the showing of a threatened
invasion of plaintiff's rights was so weak that it cannot
be said that the refusal of the judge was an abuse of
discretion.  Mere apprehension or possibility of wrong
and injury by a defendant is ordinarily not enough
to warrant an injunction.  There must be at least a
reasonable probability of wrongful action and irrep-
arable injury before a court will interfere and grant
an injunction.  It cannot be said that an intention
wrongfully to appropriate plaintiff's property or con-
struct defendants' track over her land without obtain-
ing a right to do so by negotiation or under the power

of eminent domain was shown to be a reasonable probability.

No grounds for an injunction were shown as against either the city or the grocery company.

There appears to be no just cause to complain that the judge considered and determined the merits of the case on these motions. To determine whether plaintiff was entitled to a preliminary injunction matters were necessarily considered which would be involved in a final consideration of the case. The order made, however, is not a finality, and does not preclude the granting of such relief as the plaintiff may be entitled according to the evidence presented on the final trial. The order of the district judge is affirmed.

All the Justices concurring.